STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. RE-16-26

MALCOLM A. FRENCH, et. al.,    )
               Plaintiffs,    )
                      )
        v.             )
                      )
                      )
AVON V. STANLEY, et. al.,    )
            Defendants.    )
                      )
                      )
                      )
WILLIAM FRANKS, et. al.    )
       Parties in interest    )

**ORDER GRANTING DEFENDANTS'
MOTION TO SET ASIDE
THE DEFAULT**

Now pending before the Court is Avon and Melanie Stanley's Motion to Set Aside the Default against them. Hearing was held on August 23, 2016. Attorney Grant appeared for the Stanleys and Attorney LaVerdiere appeared for the Frenchs.

*Procedural History*

On March 23, 2016, Plaintiffs filed a Complaint with the Court. On April 1, 2016, Plaintiffs filed an Amended Complaint with the Court. Returns of service were filed reciting that Melanie and Avon Stanley were served with the Amended Complaint and Summons in hand on April 2, 2016. The Stanleys did not file an Answer within 20 days, as required by M.R.Civ.P. 12(a).

On May 11, 2016, the Frenchs filed a Request for a Default and Default Judgment. A default was entered against the Stanleys on May 20, 2016. On June 6, 2016, the Stanleys filed a pro se Motion to Set Aside the Default [Judgment]. On June 27, 2016, Plaintiffs filed an Opposition to Defendants' Motion to Set Aside the Default. On July 18, 2016, Defendants, through their attorneys, filed a Motion to Supplement the

1

Brief on the Motion to Set Aside the Default, and, over objection, the Court granted that Motion. A Supplemental Brief was filed on August 11, 2016, and a Reply Opposition was filed on August 17, 2016.

At the hearing on August 23, 2016, the Court heard testimony from Melanie Stanley, William Franks and Mike Smith. Ms. Stanley and Mr. Franks testified that they were served with the Amended Complaint on April 2, 2016 and April 4, 2016, respectively. They both testified that although they were served with the Amended Complaint, they were not served with a Summons. Mr. Smith testified that he served the parties with both the Amended Complaint and Summons.

The Court finds that the parties were served with only the Amended Complaint, and not the Summons in this case. It appeared to the Court that Ms. Stanley was very diligent in attempting to address this lawsuit, and had she received the summons, she would have filed an Answer. Mr. Smith made the mistake of indicating on the back of the Return of Service that he served Mr. Franks "in hand", when both Mr. Smith and Mr. Franks agree that Mr. Franks was not served "in hand". Mr. Smith has served approximately 500 people since serving the papers in this case, and the Court is satisfied that Mr. Smith has a regular and solid procedure that he follows when serving paperwork and that he regularly follows this procedure. However, in this case, the Court is satisfied that the Summons were not served.

After receiving the Amended Complaint, Ms. Stanley rather immediately sent Plaintiffs' counsel a letter, by certified mail, explaining her position on the issues. Plaintiffs' counsel promptly responded. Upon receiving information from the parties-in-interest that a default had been entered, Ms. Stanley promptly came to the Courthouse and spoke with a clerk. The Court is satisfied that the first time Ms. Stanley saw the

2

summons in this case is when the clerk showed it to her. The Court is further satisfied that Ms. Stanley came to the courthouse on or before June 1, 2016 as June 1, 2016 is the date Ms. Stanley filed a Notice of Change of Address with the Court. Thereafter, on June 6, 2016, the Stanleys promptly filed a Motion to Set Aside the Default [Judgment], and thereafter the Stanleys' attorney supplemented the Motion to Set Aside the Default.

*Analysis*

The posture of this case is that a default, but not a default judgment, has been entered. Therefore, Rule 55(c) of the Maine Rules of Civil Procedure applies to the Defendant's Motion to Set Aside the Default. M.R.Civ.P. 55(c) provides:

> For good cause shown the court may set aside an
> entry of default...

The parties seeking to set aside the default have the burden to establish both good excuse for their untimeliness in defending the action and the existence of a meritorious defense. *Levine v. KeyBank National Ass'n*, 2004 ME 131.

Having found that the Stanleys were not served a Summons with the Amended Complaint, the Court finds a good excuse for their untimeliness in defending the action. The Court is further satisfied that the Stanleys have a meritorious defense.

*Conclusion*

The Stanley Defendants' Motion to Set Aside the Default is granted. The Stanleys shall file their Answer no later than September 13, 2016.

The Clerk shall incorporate this Order upon the docket by reference.

Dated: August 23, 2016

Ann M. Murray, Justice
Maine Superior Court

3